UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60648-LEIBOWITZ/AUGUSTIN-BIRCH

**GUISSELL CECILIA HEALD,**

    **Plaintiff,**

v.

**AKUMIN OPERATING CORP.,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON RENEWED JOINT
MOTION TO APPROVE SETTLEMENT OF FLSA CLAIMS AND
JOINT MOTION TO DISMISS THE ACTION WITH PREJUDICE**

This cause comes before the Court on the parties' Renewed Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action with Prejudice.[1] DE 38. The Honorable David S. Leibowitz, United States District Judge, referred the Renewed Joint Motion to the undersigned United States Magistrate Judge. DE 36. The Court has carefully considered the Renewed Joint Motion and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Renewed Joint Motion be **GRANTED**.

Plaintiff Guissell Cecilia Heald filed this action against Defendant Akumin Operating Corp., her former employer, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay full overtime wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $24,750, with $12,125 of that amount representing unpaid wages,

---

[1] Prior to filing the Renewed Joint Motion, the parties filed an initial Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action with Prejudice. DE 35. Upon review of the initial Joint Motion, the Court required the parties to correct an error in the Settlement Agreement. DE 37. The Renewed Joint Motion followed.

$12,125 representing liquidated damages, and $500 being consideration for the Settlement Agreement's general release.  DE 38-1 at 1–2.  Plaintiff's counsel will receive $25,250 for fees and costs.  *Id.* at 2.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1355.  The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

The parties apply the *Leverso* factors to the facts of this case in the Renewed Joint Motion.  In summary, the parties state that they are represented by counsel experienced in handling FLSA matters and that they reached their settlement without fraud or collusion.  DE 38 at 4.  Continued litigation would have required exchanging and analyzing thousands of documents, taking numerous depositions, and expending significant time and resources to prepare for and attend trial.  *Id.*  The expense of litigation would have surpassed the amount of the settlement.  *Id.*  The parties exchanged written discovery prior to settling.  *Id.*  They continue to dispute several issues, such as whether Plaintiff worked compensable time without compensation, the number of overtime hours she worked each week, and whether Defendant acted willfully or in good faith in its manner of paying Plaintiff.  *Id.*  The parties settled to avoid the risks, uncertainty, and costs of litigation.

*Id.* at 4–5.  Their counsel believe that the settlement is a fair and reasonable resolution of Plaintiff's claim.  *Id.* at 5.

The Court has considered the parties' arguments and has conducted its own review of the record.  The Court previously presided over a settlement conference with the parties and has considered the matters discussed during that settlement conference.  The Court concludes that application of the *Leverso* factors to this case demonstrates that the parties' settlement is a fair and reasonable resolution of a bona fide dispute.

The Settlement Agreement contains mutual general releases.  DE 38-1 at 2–4.  A general release seeks to release claims not asserted in the pleadings.  *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010).  Some courts decline to approve FLSA settlement agreements that contain general releases.  *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.").  A court may approve a general release if the plaintiff is given additional consideration for the release beyond what the plaintiff is entitled to under the FLSA.  *Vega*, 2021 WL 8946186, at *2.

Here, Plaintiff is receiving $500 in additional consideration for her general release.  DE 38-1 at 2.  The Court also notes that the parties have received the advice of experienced FLSA counsel and that counsel believe the settlement is fair and reasonable in its entirety.  Under these circumstances, the Court concludes that the general releases are fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement

3

agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiff's counsel will receive $25,250 for fees and costs under the Settlement Agreement. DE 38-1 at 2. Counsel filed a copy of their billing statement for this case. DE 35-2. The billing statement reflects costs of $500 for the court filing fee and service fees. *Id.* at 5. The billing statement further reflects fees of $37,805 incurred for 96.2 hours of work. *Id.* at 1–5.

Subtracting the costs from the fee award, the fee award will compensate counsel for $24,750 of the fees they contend they incurred ($25,250 - $500). Accepting counsel's representation that they spent 96.2 hours working on this case, the hourly rate for their work is approximately $257 ($24,750 ÷ 96.2 hours). The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement. They include various standard provisions. *See* DE 38-1. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Renewed Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action with Prejudice [DE 38] be **GRANTED** and that the Settlement Agreement [DE 38-1] be **APPROVED**. The Court recommends that the Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action with Prejudice [DE 35] be **DENIED AS MOOT**. Finally, the Court recommends that this case be **DISMISSED WITH PREJUDICE**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 5th day of November, 2024.

                                                                              _____
                                                                            PANAYOTTA AUGUSTIN-BIRCH
                                                                            UNITED STATES MAGISTRATE JUDGE